RECEIVED
IN ALEXANDRIA, LA

FEB - 3 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MARK KELLEY (DOC.# 304395)** | **DOCKET NO: 09-CV-1914; SEC. P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **JOHN LEMOINES, ET AL.** | **MAGISTRATE JUDGE JAMES D. KIRK** |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Mark Kelley, filed on November 6, 2009. Plaintiff's motion to proceed *in forma pauperis* was granted on December 21, 2009. Plaintiff is incarcerated at the Tensas Parish Detention Center (TPDC) in Waterproof, Louisiana, but he complains of an incident that allegedly occurred while he was at the Avoyelles Marksville Detention Center in Marksville, Louisiana (AMDC). Plaintiff names as defendants Lt. John Lemoines and the "administrative personnel officers" at AMDC. Plaintiff complains of the loss of personal property, and he seeks injunctive relief in the form of an investigation and release from incarceration.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

## STATEMENT OF THE CASE

Plaintiff alleges that on August 17, 2008, Lt. John Lemoines received a package that was sent to Plaintiff by someone at Jackson Parish Correctional Center. Plaintiff alleges that the package

contained "a lot of information about the problem I was dealing with at Jackson Facility." [Doc. #1, p.5] Plaintiff states that the package was "sent back" without providing Plaintiff with a reason or explanation. Plaintiff requests that the Court investigate AMDC, determine where the package was sent, and also release Plaintiff from custody.

## LAW AND ANALYSIS

1.  ## RELEASE FROM PRISON

Aside from the fact that Plaintiff presents no grounds for release from custody, such relief is not available by way of a civil rights action. Civil rights suits such as this one are the proper vehicle to attack the unconstitutional conditions of confinement and prison procedures. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997); Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)(holding that a §1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but habeas is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). A **habeas petition** - filed pursuant to 28 U.S.C. §2254 - is the proper vehicle to seek release from custody. See id. In this case, Plaintiff asks to be released from custody for unspecified reasons. His request for release may only be raised in a petition for writ of habeas corpus under 28 U.S.C. § 2254.

2. <u>INVESTIGATION</u>

Plaintiff alleges that the defendants' failure or refusal to deliver a package to him violated his constitutional rights. He asks that the Court conduct or order an investigation into what happened to the package. First, Plaintiff is no longer incarcerated at AMDC. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. <u>See</u> <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975) (per curiam); <u>Cooper v. Sheriff, Lubbock County, Tex.</u>, 929 F.2d 1078, 1081 (5th Cir.1991) (per curiam) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief). Thus, Plaintiff is not entitled to injunctive relief against his former place of confinement.

Additionally, injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. <u>Morrow v. Harwell</u>, 768 F.2d 619, 627 (5th Cir. 1985). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that an injunction should not be granted unless the party seeking it has clearly carried the burden of persuasion on four requirements: (1) he faces a substantial likelihood that he will prevail on the merits, (2) he faces a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4)

granting the preliminary injunction will not disserve the public interest. PCI Transportation Inc. v. Fort Worth & Western Railroad Co., 418 F.3d 535, 545 (5th Cir. 2005) (citations omitted). Plaintiff has not alleged any threat that he will suffer irreparable injury if injunctive relief is not granted, nor has he alleged facts that granting the preliminary injunction will not disserve the public interest. Actually, restrictions on prison mail actually *serve* the public interest. The Fifth Circuit, recognizing the resulting disadvantage to an inmate's family and friends, nevertheless upheld the constitutionality of a prison rule restricting inmate reception of packages because of its relationship to a legitimate security risk. See Guajardo v. Estelle, 580 F.2d 748, 762 (5th Cir. 1994).

Moreover, to the extent that Plaintiff claims he was deprived of due process, his claim fails. The jurisprudence makes it abundantly clear that a prisoner's claim for a random deprivation of personal property is *not* cognizable under §1983. See Parratt v. Taylor, 451 U.S. 527, 544 (1981). Even in instances where an intentional deprivation occurs, if an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. Hudson v. Palmer, 468 U.S. 517 (1984); Davis v. Bayless, 70 F.3d 367 (5th Cir. 1995); Murphy v. Collins, 26 F.3d 541 (5th Cir. 1994). To the extent that Plaintiff claims his property was lost or stolen, Louisiana law provides Plaintiff the

opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. See La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code, provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. See Charbonnet v. Lee, 951 F.2d 638 (5th Cir.), cert. denied, 505 U.S. 1205 (1992).

For the forgoing reasons, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See**

<u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _____ day of _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE